**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KIM CRUMLISH, Individually and as Executrix of the Estate of Michael D. Crumlish,<br><br>Plaintiff,<br><br>v.<br><br>TECHNIVATE, INC. and THE TECHNIVATE, INC. SUPPLEMENTAL RETIREMENT PLAN,<br><br>Defendants/Third Party Plaintiffs,<br><br>v.<br><br>THE CREATIVE FINANCIAL GROUP, LTD and CZAPLICKI & GREGOR, P.C.<br><br>Third-Party Defendants. | CIVIL ACTION<br><br>NO. 13-4335 |

**DEFENDANTS/THIRD-PARTY PLAINTIFFS, TECHNIVATE, INC. AND THE TECHNIVATE, INC. SUPPLEMENTAL RETIREMENT PLAN'S RESPONSE IN OPPOSITION TO THIRD-PARTY DEFENDANT, THE CREATIVE FINANCIAL GROUP, LTD.'S MOTION *IN LIMINE* TO PRECLUDE THE EXPERT TESTIMONY OF PATTI S. SEPENCER, ESQUIRE**

Defendants/Third-Party Plaintiffs, TechniVate, Inc. and TechniVate Inc. Supplemental Retirement Plan (collectively, "Technivate"), by and through their attorneys, Litchfield Cavo LLP, respond in opposition to Third-Party Defendant Creative Financial Group, Ltd.'s Motion in *in Limine* to Preclude the Expert Testimony of Patti S. Spencer, Esquire, and in support thereof, incorporate by reference the accompanying Memorandum of Law as though set forth fully herein.

**WHEREFORE,** Defendants/ Third-Party Plaintiffs, TechniVate, Inc. and TechniVate Inc. Supplemental Retirement Plan, respectfully request that the Court enter the proposed order

denying Third-Party Defendant Creative Financial Group, Ltd.'s Motion *in Limine*.

Respectfully submitted,
**LITCHFIELD CAVO LLP**
*An Illinois Limited Liability Partnership*
Attorneys for Defendants
Technivate, Inc. and The
Technivate, Inc. Supplemental Retirement Plan

By: */s/ Kathleen J. Collins*
Kathleen J. Collins, I.D.# 63603
1800 Chapel Avenue West, Suite 360
Cherry Hill, New Jersey 08002
(856) 854-3636

Dated: September 19, 2014

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KIM CRUMLISH, Individually and as Executrix of the Estate of Michael D. Crumlish,<br><br>Plaintiff,<br><br>v.<br><br>TECHNIVATE, INC. and THE TECHNIVATE, INC. SUPPLEMENTAL RETIREMENT PLAN,<br><br>Defendants/Third Party Plaintiffs,<br><br>v.<br><br>THE CREATIVE FINANCIAL GROUP, LTD and CZAPLICKI & GREGOR, P.C.<br><br>Third-Party Defendants. | CIVIL ACTION<br><br>NO. 13-4335 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS/THIRD-PARTY PLAINTIFFS, TECHNIVATE, INC. AND THE TECHNIVATE, INC. SUPPLEMENTAL RETIREMENT PLAN'S RESPONSE IN OPPOSITION TO THIRD-PARTY DEFENDANT, THE CREATIVE FINANCIAL GROUP, LTD.'S MOTION *IN LIMINE* TO PRECLUDE THE EXPERT TESTIMONY OF PATTI S. SEPENCER, ESQUIRE**

Defendants/Third-Party Plaintiffs, TechniVate, Inc. and TechniVate Inc. Supplemental Retirement Plan (collectively, "TechniVate"), by and through their attorneys, Litchfield Cavo LLP, submit this Memorandum of Law in support of their Response in Opposition to Third-Party Defendant Creative Financial Group, Ltd.'s ("CFG") Motion *in Limine* to Preclude the Expert Testimony of Patti S. Spencer, Esq. and respectfully request that the court deny the motion for the reasons stated herein.

## I. PRELIMINARY STATEMENT

This case arises out of a dispute over the benefits payable pursuant to a Supplemental Employee Retirement Plan (the "SERP"). Plaintiff's Amended Complaint sets forth various

causes of action based on its allegation that TechniVate should have paid Plaintiff significantly more in benefits. TechniVate has asserted third-party claims against CFG, the financial advising firm that recommended and administered the SERP, and Czaplicki & Gregor, P.C. ("C&G"), the law firm that drafted the SERP, because TechniVate made a lesser payment than expected to Plaintiff based on their advice. TechniVate has submitted expert reports of Patti S. Spencer, Esquire in support of its claims against CFG and C&G.

CFG now seeks an Order precluding Patti S. Spencer's opinions for the purposes of trial and its pending motion for summary judgment. CFG's motion asserts that Ms. Spencer does not satisfy any of the three requirements for the admissibility of expert opinions under *Daubert v. Merrell Dow Pharmacueticals, Inc.*, 509 U.S. 579 (1993), but is primarily based on the erroneous contention that Ms. Spencer cannot be qualified as an expert to render opinions on the standard of care of a financial advisor advising a client regarding employee benefit plans because she specializes in tax and estate planning. As discussed in more detail below, Ms. Spencer is qualified to render her opinions and satisfies all three of the *Daubert* prongs. Accordingly, CFG's motion should be denied.

## II. FACTUAL BACKGROUND

In the interest of brevity, TechniVate incorporates its Counterstatement of Material Facts from its Response in Opposition to Third-party Defendant's Motion for Summary Judgment as though set forth fully herein.

## III. ARGUMENT

CFG's motion seeks the preclusion of Ms. Spencer's opinions on three grounds: she does not have the requisite expertise; her conclusion is not reliable; and her opinion is irrelevant. However, the record demonstrates that Ms. Spencer is qualified to offer her opinion, employed a

reliable methodology in reaching her opinion and offers a relevant opinion. Accordingly, CFG's motion lacks merit and should be denied.

Rule 702 of the Federal Rules of Evidence provides the test to be used in deciding whether expert witnesses should testify. The Rule provides us with a simple question: Can the specialized knowledge offered be helpful in determining a fact in issue?

The fact in issue is the standard of care for financial advisors who implement, administer and advise as to a product they sell to their client. The specialized knowledge of Ms. Spencer, an attorney experienced in business succession plans and whom works in conjunction with financial advisors on a regular basis in assisting her clients in their overall businesses needs provides the trier of fact with information essential to a proper determination of that fact.

**A. Ms. Spencer is qualified to provide an expert opinion in this matter.**

To qualify as an expert, "Rule 702 requires the witness to have 'specialized knowledge' regarding the area of testimony." *Betterbox Commc'ns Ltd. v. BB Techs., Inc.*, 300 F.3d 325, 335 (3d Cir. 2002) (quoting *Waldorf v. Shuta*, 142 F.3d 601, 625 (3d Cir.1 998)). The Third Circuit has instructed courts to interpret the qualification requirement "liberally" and not to insist on a certain kind of degree or background when evaluating the qualifications of an expert. *See Waldorf*, 142 F.3d at 625. "The language of Rule 702 and the accompanying advisory committee notes make clear that various kinds of 'knowledge, skill, experience, training, or education,' qualify an expert as such." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 855 (3d Cir. 1990) (quoting Fed. R. Evid. 702).

Moreover, "[t]his liberal policy of admissibility extends to the substantive as well as the formal qualifications of experts." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008). Thus, "it is an abuse of discretion to exclude testimony simply because the trial court does not deem the proposed expert to be the best qualified or because the proposed expert does not have

the specialization that the court considers most appropriate." *Id.* (quoting *Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 782 (3d Cir. 1996)).

Indeed, an expert may testify regarding the standard of care in an area outside his or her primary specialty. *See Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 407 (3d Cir. 2003). In *Schneider*, the court held that an invasive cardiologist, who diagnosed and treated heart conditions, but did not perform angioplasties, was qualified to testify regarding the standard of care of an interventional cardiologist, a doctor who performed angioplasties, because the invasive cardiologist had regular contact with interventional cardiologists and his background demonstrated he was highly knowledgeable about cardiology. *Id*.

Contrary to well established law, CFG argues that Ms. Spencer is not qualified to offer an opinion in this case, because the issues presented do not involve her area of specialization. Specifically, CFG mistakenly contends that Ms. Spencer is not qualified to opine as to the standard of care of a financial advisor advising a client regarding the adoption and administration of employee benefit plans, because she is a lawyer whose practice focuses on tax and estates. CFG conveniently ignores that estate planning requires knowledge of employee benefit plans and regular interaction with financial advisors. Ms. Spencer's tax and estate planning practice regularly involves addressing employee benefit plan issues. Spencer Dep. at 28:24-30:9.[1] She has experience with non-qualified plans such as top-hat plans via her experience implementing business succession plans for her clients. *Id.*, at 30:1-10. She has written a number of articles related to qualified and non-qualified plans under ERISA. *Id.*, 22:13-23:4. When she drafted SERPs there were financial advisors involved. *Id.*, 47:11-24. In addition, as an estate planner and tax lawyer, she has "a lot of experience" dealing with financial advisors and is "very familiar with the industry" and practice standards. *Id*. at 129:9-130:7. She testified that she works with

[1] A copy of the Spencer Deposition is attached as Exhibit C to CFG's motion.

such advisors "frequently." *Id*. at 47:13. She further testified that she has drafted SERPs for clients in conjunction with financial advisors who recommended that the clients establish SERPs. *Id*. at 47:1848:9. She has given presentations and lectures to lawyers, accountants and financial advisors that, in part, addressed employee benefit plans. *Id*. at 35:3-16. Ms. Spencer also previously taught an estate planning course at Boston University Law School that included some employee benefit plan issues. *Id*. at 33:23-34:18. She has also written about employee benefits plans in one of her books and in some of the numerous articles she has published. *Id*. at 23:5-16, 24:18-23.

While she does not identify herself as an employee benefit plans lawyer, the record demonstrates she has the requisite experience and knowledge to provide an opinion on the standard of care of a financial advisor regarding the adoption and administration of employee benefit plans. Like the invasive cardiologist who was permitted to testify as to the standard of care of an interventional cardiologist in *Schnieder* because he was knowledgeable of cardiology and regularly dealt with interventional cardiologists, Ms. Spencer is a business, tax and estates lawyer whose practice focuses on the legal issues involved in financial planning and business succession, is knowledgeable of employee benefit plans and regularly deals with financial advisors and the requirements and expectations of the same. Ms. Spencer is not a personal injury lawyer or a general practitioner with no experience dealing with financial advisors or employee benefit plans, but rather one with significant applicable experience. She just happens to possess even greater knowledge of tax and estate law, a specialty which often requires addressing employee benefit plan issues. Therefore, she is qualified to offer her opinions in this matter.

**B. Ms. Spencer's opinions are the product of reliable methods.**

"[A]n expert's testimony is admissible so long as the process or technique the expert used in formulating the opinion is reliable." *Paoli*, 35 F.3d at 741-742 (citing *Daubert*, 509 U.S.

at 589, 113 S.Ct. at 2794–95). The court's determination of whether this standard has been met turns on the methods and reasoning employed by the expert. *Kannankeril v. Terminix Int'l. Inc.*, 128 F.3d 802, 806 (3d Cir. 1997). "As long as an expert's opinion rests upon 'good grounds, based on what is known,' it should be tested by the adversary process–competing expert testimony and active cross–examination–rather than excluded from jurors' scrutiny…" *United States v. Mitchell*, 365 F.3d 215, 244 (3d Cir. 2004) (quoting *Ruiz–Troche v. Pepsi Cola of P.R. Bottling Co.*, 161 F.3d 77, 85 (1st Cir. 1998)).

CFG baldly asserts that Ms. Spencer's opinions are not supported by any reliable principles or methodology. However, Ms. Spencer employed the same methodology as CFG's own expert. She reviewed the pleadings and testimony of relevant witnesses and applied her wealth of knowledge and experience to the facts of record with citations to specific testimony to arrive at her opinions. *See* Spencer Report dated May 22, 2014.[2] She has also submitted an addendum to her report with a list of materials that relates to the basis and reasons for her expert opinions. *See* Spencer Addendum. [3] Based on her review of the testimony, documents and her experience with financial advisors, Ms. Spencer determined that CFG failed to properly advise a client as to its obligations under the product CFG sold and led the client to believe CFG would administer. Spencer reports *generally*. CFG's errors, omissions and/or misstatements misled the participants, including the decedent, to believe they owned the life insurance policies. Spencer Report dated May 22, 2014 at 11.

Ms. Spencer opines that CFG did not exercise the skill, knowledge, prudence and care that is ordinarily exercised by financial advisors based on the record of testimony, her experience working with financial advisors, her knowledge of employee benefit plans and similar products

---

[2] A copy the Spencer Report Dated May 22, 2014 is attached as A to CFG's motion.
[3] A copy of the Addendum is attached hereto as Exhibit 1.

and agreements, and her review of authoritative materials. *Id*. Thus, Ms. Spencer employed a reliable methodology in formulating her opinions.

**C. Ms. Spencer's opinions are relevant.**

CFG mistakenly contends that Ms. Spencer's opinions are irrelevant because she is not a properly qualified expert. However, as explained above in subsection III A, she is qualified to offer her expert opinions in this matter. Because she is a qualified expert, who employed a reliable methodology in reaching her opinions, her opinions are relevant and will assist the trier-of-fact. Fed. R. Evid. 403, 702. Therefore, Ms. Spencer's reports and opinions are admissible and she should be permitted to testify at trial.

## IV. CONCLUSION

For the foregoing reasons, Defendants/Third-party plaintiffs, TechniVate, Inc. and TechniVate Inc. Supplemental Retirement Plan, respectfully request that the Court enter the proposed order denying Third-Party Defendant Creative Financial Group, Ltd.'s Motion *in Limine*.

Respectfully submitted,
**LITCHFIELD CAVO LLP**
*An Illinois Limited Liability Partnership*
Attorneys for Defendants
Technivate, Inc. and The
Technivate, Inc. Supplemental Retirement Plan

By: */s/ Kathleen J. Collins*
Kathleen J. Collins, I.D.# 63603
1800 Chapel Avenue West, Suite 360
Cherry Hill, New Jersey 08002
(856) 854-3636

Dated: September 19, 2014